UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.:

JUSTINE BODMER, on her own behalf
and others similarly situated,

      Plaintiff,

v.

WELLS FARGO BANK, N.A., a Foreign Corporation,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1.  Plaintiff, JUSTINE BODMER ("Plaintiff"), was an employee of Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO" or "Defendant"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a home mortgage consultant and performed related activities for Defendant in Lee County, Florida.

2.  Defendant, WELLS FARGO, is a foreign corporation that operates and conducts business in, among others, Lee County, Florida, and is therefore, within the jurisdiction of this Court.

3.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every employee who worked for the Defendant at any time within the past three (3) years within the State of Florida.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

5.  At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).  Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

6.  At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty (40) within a work week.

7.  During their employment with Defendant, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8.  Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to her, are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

9.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.  During their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but were not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and

those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

12.  As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 2<u>nd</u>   day of August 2007.

Andrew Frisch
FL Bar No.:  27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: afrisch@forthepeople.com

Trial Counsel for Plaintiff

MDLOUT

# U.S. District Court
## Middle District of Florida (Ft. Myers)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00074-MMH-SPC

Bodmer v. Wells Fargo Bank, N.A.
Assigned to: Judge Marcia Morales Howard
Referred to: Magistrate Judge Sheri Polster Chappell
Cause: 29:206 Collect Unpaid Wages

Date Filed: 01/28/2008
Date Terminated: 04/21/2008
Jury Demand: Both
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

### Plaintiff

**Justine Bodmer**
*on her own behalf and others similarly situated*

represented by **Andrew Ross Frisch**
Morgan & Morgan, PA
Suite 230
7450 Griffin Rd
Davie, FL 33324
954-318-0268
Fax: 954-333-3515
Email: afrisch@forthepeople.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Wells Fargo Bank, N.A.**
*a Foreign Corporation*

represented by **Jonathan A. Beckerman**
Littler Mendelson, PC
1 Biscayne Twr - Ste 1500
2 S Biscayne Blvd
Miami, FL 33131
305/400-7500
Fax: 305/418-7368
Email: jabeckerman@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2008 | 1 | COMPLAINT against Wells Fargo Bank, N.A. ; jury demand (Filing fee $ 350 receipt number F10454) filed by Justine Bodmer.(kma) (Entered: 01/30/2008) |
| 01/28/2008 | 2 | NOTICE of filing notice of consent to join by Justine Bodmer (kma) (Entered: |

| | | |
|---|---|---|
| | | 01/30/2008) |
| 01/28/2008 | | Summons issued as to Wells Fargo Bank, N.A. (kma) (Entered: 01/30/2008) |
| 01/30/2008 | 3 | STANDING ORDER: Filing of documents that exceed twenty-five pages. Signed by All Divisional Judges on 03/27/2007. (kma) (Entered: 01/30/2008) |
| 01/31/2008 | 4 | RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 2/11/2008. Signed by All Divisional Judges on 1/31/2008. (LAG) (Entered: 01/31/2008) |
| 01/31/2008 | 5 | INTERESTED PERSONS ORDER. Certificate of interested persons and corporate disclosure statement due by 2/11/2008. Signed by All Divisional Judges on 1/31/2008. (LAG) (Entered: 01/31/2008) |
| 02/11/2008 | 6 | NOTICE of pendency of related cases re 4 Related case order and notice of designation of track 2 per Local Rule 1.04(d) by Justine Bodmer. Related case (s): no (Frisch, Andrew) (Entered: 02/11/2008) |
| 02/11/2008 | 7 | CERTIFICATE of interested persons and corporate disclosure statement re 5 Interested persons order by Justine Bodmer. (Frisch, Andrew) (Entered: 02/11/2008) |
| 02/15/2008 | 8 | RETURN of service executed on 1/31/08 by Justine Bodmer as to Wells Fargo Bank, N.A.. (Frisch, Andrew) (Entered: 02/15/2008) |
| 02/20/2008 | 9 | ANSWER and affirmative defenses to 1 Complaint with Jury Demand by Wells Fargo Bank, N.A..(Beckerman, Jonathan) (Entered: 02/20/2008) |
| 02/26/2008 | 10 | NOTICE by Wells Fargo Bank, N.A. *Notice to the Clerk of the Court* (Attachments: # 1 Attachment 1)(Beckerman, Jonathan) (Entered: 02/26/2008) |
| 04/08/2008 | 11 | INTERESTED PERSONS ORDER. Certificate of interested persons and corporate disclosure statement due by 4/21/2008 as to the Defendant. Signed by All Divisional Judges on 4/8/2008. (LAG) (Entered: 04/08/2008) |
| 04/18/2008 | 12 | CERTIFICATE of interested persons and corporate disclosure statement re 11 Interested persons order by Wells Fargo Bank, N.A.. (Beckerman, Jonathan) (Entered: 04/18/2008) |
| 04/21/2008 | 13 | MULTIDISTRICT LITIGATION panel order transferring case to: Northern District of California Transferee court case number: 2:08-cv-74-FtM-34SPC MDL case number: 1770. (JS) (Entered: 04/28/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/06/2008 13:00:16 | | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00074-MMH-SPC |
| | | | |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.:

JUSTINE BODMER, on her own behalf
and others similarly situated,

      Plaintiff,

v.

WELLS FARGO BANK, N.A., a Foreign Corporation,

      Defendant.

_____/

## NOTICE OF FILING NOTICE OF CONSENT TO JOIN

    Plaintiff, JUSTINE BODMER, gives notice of filing her Notice of Consent to

Join the above-styled lawsuit.

    DATED this 2<u>nd</u>  day of January, 2008

                           Andrew Frisch
                           FL Bar No.: 27777
                           MORGAN & MORGAN, P.A.
                           7450 Griffin Road, Suite 230
                           Davie, FL 33314
                           Tel: 954-318-0268
                           Fax: 954-333-3515
                           E-Mail: **afrisch@forthepeople.com**

                           Trial Counsel for Plaintiffs

# MORGAN & MORGAN

### A PROFESSIONAL ASSOCIATION

*Attorneys*

*At Law*

### NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I, _Justine Bodmer_, consent to become a party

plaintiff in this action.

_12·13·07_
DATE

X _[signature]_
CLIENT SIGNATURE

(M&M form #73)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**JUSTINE BODMER on her own behalf and
others similarly situated,**

                    **Plaintiff,**

**v.**                                           **Case No.  2:08-cv-74-FtM-34SPC**

**WELLS FARGO BANK, N.A. a Foreign
Corporation,**

                    **Defendant.**

_____

## RELATED CASE ORDER
## AND TRACK TWO NOTICE

It is hereby **ORDERED** that, no later than eleven days from the date of the filing of the complaint (or a copy of a notice of removal) in this Court, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).  The parties shall utilize the attached form **NOTICE OF PENDENCY OF OTHER ACTIONS**.  It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track Two** case.  All parties must comply with the requirements established in Local Rule 3.05 for Track Two cases.  Counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report.  The parties shall utilize the **attached CASE MANAGEMENT REPORT** form.  Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting.

Fed. R. Civ. P. 26 (d); Local Rule 3.05(c)(2)(B).  *Plaintiff (or defendant in a removal case)  is responsible for serving a copy of this notice and order with attachments upon each party no later than eleven days after appearance of the party.*

January 31, 2008

|   |   |
|---|---|
| JOHN E. STEELE | MARCIA MORALES HOWARD |
| John E. Steele | Marcia Morales Howard |
| United States District Court Judge | United States District Court Judge |
| DOUGLAS N. FRAZIER | SHERI POLSTER CHAPPELL |
| Douglas N. Frazier | Sheri Polster Chappell |
| United States Magistrate Judge | United States Magistrate Judge |

Attachments:  Notice of Pendency of Other Actions [mandatory form]
Case Management Report [mandatory form]

---

**Note: A Magistrate Consent form, Local Rules and PacerNet can be found on the Court's website at *http://www.flmd.uscourts*.**

---

Copies: All Parties of Record

# United States District Court
## Middle District of Florida
### Ft. Myers Division

**JUSTINE BODMER on her own behalf and others
similarly situated,**

        **Plaintiff,**

**v.**                                      **Case No.  2:08-cv-74-FtM-34SPC**

**WELLS FARGO BANK, N.A. a Foreign
Corporation,**

        **Defendant.**

_____

## Notice Of Pendency Of Other Actions

    In accordance with Local Rule 1.04(c), I certify that the instant action:

_____    IS        related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

            _____

            _____

            _____

            _____

_____    IS NOT    related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

    I further certify that I will serve a copy of this Notice of Pendency of Other Actions upon each party no later than eleven days after appearance of the party.

Dated:

_____        _____
[Counsel of Record or *Pro Se* Party]      [Counsel of Record or *Pro Se* Party]
    [Address and Telephone]              [Address and Telephone]

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**JUSTINE BODMER on her own behalf and
others similarly situated,**

        **Plaintiff,**

**v.**                               **Case No.  2:08-cv-74-FtM-34SPC**

**WELLS FARGO BANK, N.A. a Foreign
Corporation,**

        **Defendant.**

_____

# CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | |
| **Final Pretrial Conference** | |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | |
| **Estimated Length of Trial**  [trial days] | |
| **Jury / Non-Jury** | |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes_____    No_____<br><br>Likely to Agree in<br>  Future _____ |

## I.    Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on _____ (date) at _____ (time) at _____ (place) and was attended by:

_____     _____
                Name                                              Counsel for (if applicable)

_____

## II.    Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:**  Parties (check one) [___] request   [___] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

III.    **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _____ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

_____on _____by    (check one)    _____ (date).

Below is a description of information disclosed or scheduled for disclosure.

IV.    **Agreed Discovery Plan for Plaintiffs and Defendants**

**A.    Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested

Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____  Yes

_____  No               Amended Certificate will be filed by

                          _____ (party) on or before

                          _____ (date).


**B.    Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e).  The parties further agree as follows:




**C.    Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the

scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

      1.     Depositions

      2.     Interrogatories

      3.     Document Requests

      4.     Requests for Admissions

      5.     Supplementation of Discovery

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**G.    Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege —**

Pursuant to Fed.R.Civ.P. 16(b)(5) and (6), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**H.    Other Matters Regarding Discovery —**

**V.    Settlement and Alternative Dispute Resolution**.

**A.    Settlement —**

The parties agree that settlement is

_____ likely _____ unlikely          (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes _____ no _____likely to request in future

**B.    Arbitration —**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____yes _____no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):_____yes _____no _____likely to agree in future

_____ Binding _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____yes _____no _____likely to agree in future

C.    **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.    Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative

dispute resolution:

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**JUSTINE BODMER on her own behalf and
others similarly situated,**

        **Plaintiff,**

v.                             **Case No.  2:08-cv-74-FtM-34SPC**

**WELLS FARGO BANK, N.A. a Foreign
Corporation,**

        **Defendant.**

_____

## INTERESTED PERSONS ORDER
## FOR CIVIL CASES

      This Court makes an active effort to screen every case in order to identify parties and

interested corporations in which any assigned judge may be a shareholder, as well as for other

matters that might require consideration of recusal.  It is therefore

      **ORDERED** that, within **eleven** days[1] from the date of this order (or from the date of

subsequent first appearance[2] in this action), each party, *pro se* party, governmental party, intervenor,

non-party movant, and Rule 69 garnishee **shall file and serve** a Certificate of Interested Persons and

Corporate Disclosure Statement. (See Attachment A)

      **FURTHER ORDERED** that no party may seek discovery from any source before filing and

serving a.  A motion, memorandum, response, or other paper — including emergency motion —

---

[1] Intermediate Saturdays, Sundays, and specified legal holidays are *in*cluded in the computation of periods of eleven days or more.  *See* Fed.R.Civ.P. 6(a); Local Rule 4.20. If this order was served by mail, add three days to the prescribed period. Fed.R. Civ.P 6(e); Local Rule 4.20(a)(2). Service by facsimile constitutes a method of hand delivery for the purpose of computing the time within which any response is required. Local Rule 1.07(c).

[2] Every pleading or paper filed constitutes a general appearance of the party unless otherwise specified. Local Rule 2.03(a).

may be denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.

**FURTHER ORDERED** that each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

**FURTHER ORDERED** that, in order to assist the Court in determining when a conflict of interest may exist, particularly when ruling on matters formally assigned to another judge, each party shall use the full caption of the case — including the names of all parties and intervenors — on all motions, memoranda, papers, and proposed orders submitted to the Clerk. *See* Fed.R.Civ.P. 10(a); Local Rule 1.05(b) ("*et al.*" discouraged)._____
January 31, 2008

| | |
|---|---|
| _____JOHN E. STEELE_____ | ____MARCIA MORALES HOWARD____ |
| John E. Steele | Marcia Morales Howard |
| United States District Court Judge | United States District Court Judge |
| | |
| ____DOUGLAS N. FRAZIER____ | ____SHERI POLSTER CHAPPELL____ |
| Douglas N. Frazier | Sheri Polster Chappell |
| United States Magistrate Judge | United States Magistrate Judge |

## ATTACHMENT A

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's interested persons order:

1.     The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

        [insert list]

2.     The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

        [insert list]

3.     The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

        [insert list]

4.     The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

        [insert list]

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict. I further certify that I have inserted "None" if there is no actual or potential conflict of interest.

[Date]

_____
[Counsel of Record or *Pro Se* Party]
[Address and Telephone]

[Certificate of Service]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JUSTINE BODMER, on her own behalf
and others similarly situated,

     Plaintiff,

v.                               CASE NO.: 2:08-cv-00074-MMH-SPC

WELLS FARGO BANK, N.A., a Foreign Corporation,

     Defendant.

_____/

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04 (c), I certify that the instant action:

_____ IS          related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State Court, or administrative agency as indicated below:

_____

_____

_____

X  IS NOT       related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

DATED  this 11th day of February 2008.

Respectfully submitted,

**/s ANDREW FRISCH**
ANDREW FRISCH
FL Bar No.:  27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail to Corporation Service Company, Registered Agent for Defendant, 1201 Hays Street, Tallahassee, FL 32301, this <u>11th</u> day of February 2008.


**<u>/s ANDREW FRISCH</u>**
ANDREW FRISCH

VERIFIED RETURN OF SERVICE

STATE OF FLORIDA    MIDDLE DISTRICT OF FLORIDA    U.S. DISTRICT COURT

Case Number: **2:08-CV-74-FTM-34SPC**

Plaintiff: **JUSTINE BODMER, ETC., ET AL.**
    vs.
Defendant: **WELLS FARGO BANK, N.A.**

For: **ANDREW FRISCH**    MORGAN & MORGAN

Received by **GISSEN & ZAWYER PROCESS SERVICE** on  1/31/08 at 10:00 am,
to  be served on:  **WELLS FARGO BANK,  N.A. at REG.  AGENT: CORPORATION SERVICE COMPANY, 1201
HAYS ST.,TALLAHASSEE, FL 32301.**

I, **ERIC LARSON**, who, being duly sworn, depose and say that
on **1/31/08 at 2:00 pm,**

I executed service by delivering a true copy of the
    **SUMMONS AND COMPLAINT,CIVIL COVER SHEET, NOTICE OF FILING CONSENT TO JOIN**
    in accordance with state statutes in the manner stated below:
    **REGISTERED AGENT SERVICE: By serving pursuant to F.S. 48.091**

Served: **GWEN BUTLER**
        **Clerk, for R.A.**

COMMENTS:


I  certify  that  I  have  no  interest  in  the  above  action,  am  of  legal  age  and  have  proper
authority  in  the  jurisdiction  in  which  this  service  was  made.  I  declare,  under  penalties  of
perjury  pursuant  to  f.s.  92.525,  that  I  have  read  the  foregoing  document  and  that  the  facts
stated  in  it  are  true  to  the  best  of  my  knowledge  and  belief.

        **ERIC LARSON**
        PROCESS SERVER # 063
          2ND JUDICIAL CIRCUIT
          Appointed in accordance
           with State Statutes

        **GISSEN & ZAWYER PROCESS SERVICE**
        **3550 BISCAYNE BLVD.**
        **STE. 407**
        **MIAMI  FL 33137**
        **(305)572-0110**

        **JOB SERIAL NUMBER:1852**

# United States District Court

## MIDDLE DISTRICT OF FLORIDA

### FT. MYERS DIVISION

**SUMMONS IN A CIVIL CASE**
**CASE NO.:**

JUSTINE BODMER, on her own behalf
and others similarly situated,

     Plaintiff,

2: 08 -c V- 74 -FtM-34SPC

v.

WELLS FARGO BANK, N.A., a Foreign Corporation,

     Defendant.

_____/

G..... & ZAWYER
PROCESS SERVICE, INC.
3550 BISCAYNE BLVD.
SUITE 407
MIAMI, FL 33137
305-572-0110

1·31·8 2008

Eric Larson
Cert. Process Server # 063
2nd Judicial Circuit

TO:    WELLS FARGO BANK, N.A
       Corporation Service Company, Registered Agent
       1201 Hays Street
       Tallahassee, FL 32301

     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY:

Andrew Frisch, Esq.
MORGAN & MORGAN, P.A.
7450 Griffin Road, Suite 230
Ft. Lauderdale, Florida 33314
Telephone:  1-877-435-9243
Facsimile:  954-333-3515

an answer to the Complaint which is herewith served upon you, within **twenty (20)** days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the Complaint.  You also must file your answer with the Clerk
of the Court within a reasonable period of time after service.  Additionally served - Notice of Filing
Consent to Join.

Sheryl L. Loesch
Clerk of Court

CLERK

By: _____
    (Deputy Clerk)

1/28/08
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | | TOTAL |
|---|---|---|---|
| | | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
　　　　　　　　　　Date　　　　　　　　　　Signature of Server


　　　　　　　　　　　　　　　　　　　　Address of Server


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTINE BODMER, on her own behalf
and others similarly situated,

Plaintiff,

v.                                              CASE NO. 2:08-CV-00074-MMH-SPC

WELLS FARGO BANK, N.A., a Foreign
Corporation,

Defendant.
_____/

**ANSWER OF WELLS FARGO HOME MORTGAGE, A DIVISION
OF WELLS FARGO BANK, N.A. TO COMPLAINT FOR JURY TRIAL**

Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, National
Association ("Wells Fargo"), on behalf of itself only hereby answers the Complaint (the
"Complaint") of Plaintiff Justine Bodmer ("Plaintiffs") as follows:

1.      As to the allegations in Paragraph 1 of the Complaint, Wells Fargo admits
that Plaintiff is a home mortgage consultant for Wells Fargo Home Mortgage.

2.      As to the allegations in Paragraph 2 of the Complaint, Wells Fargo admits
that it is a national banking association with its main office in Sioux Falls, South Dakota, and
that it operates and conducts business in Lee County, Florida.  Wells Fargo denies that
jurisdiction is proper in this Court because, as a tag-along action defined by Multidistrict
Litigation Rule 1.1, this action is subject to the Order of the Judicial Panel on Multidistrict
Litigation, dated June 15, 2006, transferring all such cases to the Northern District of California
in the *In Re Wells Fargo Home Mortgage Overtime Pay Litigation*, MDL Case No. 1770,
pursuant to 28 U.S.C. § 1407.

3.      As to the allegations in Paragraph 3 of the Complaint, these contain statements to which no response is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in this paragraph.

4.      As to the allegations in Paragraph 4 of the Complaint, these contain statements to which no response is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in this paragraph.

5.      As to the allegations in Paragraph 5 of the Complaint, Wells Fargo admits that it is covered by the Fair Labor Standards Act ("FLSA").  Except as expressly admitted, Wells Fargo denies the allegations contained in Paragraph 5.

6.      As to the allegations in Paragraph 6 of the Complaint, Wells Fargo denies the allegations.

7.      As to the allegations in Paragraph 7 of the Complaint, Wells Fargo admits that it properly classified Plaintiff, and those similarly situated to her, as exempt employees and thus had no legal obligation to pay overtime for any hours they worked in excess of forty hours per week.  Except as expressly admitted, Wells Fargo denies the allegations contained in the paragraph.

8.      As to the allegations in Paragraph 8 of the Complaint, Wells Fargo admits that it properly classified its HMCs as exempt employees and thus had no obligation to record the specific hours worked by HMCs.  Except as expressly admitted, Wells Fargo denies the allegations contained in the paragraph.

9.      As to the allegations in Paragraph 9 of the Complaint, Wells Fargo incorporates by reference its Answer to the allegations set forth in the preceding paragraphs.

10.    As to the allegations in Paragraph 10 of the Complaint, Wells Fargo denies them.

11.    As to the allegations in Paragraph 11 of the Complaint, Wells Fargo denies them, and also denies the bases for any request for damages contained therein.

12.    As to the allegations in Paragraph 12 of the Complaint, Wells Fargo denies them, and also denies the bases for any request for damages contained therein.

13.    As to the allegations in Paragraph 13 of the Complaint, these contain statements to which no response is required.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Wells Fargo alleges the following defenses. In asserting these defenses, Wells Fargo does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Pursuant to 28 U.S.C. § 1407, jurisdiction is not proper in this Court because, as a tag-along action defined by Multidistrict Litigation Rule 1.1, this action is subject to the Order of the Judicial Panel on Multidistrict Litigation, dated June 15, 2006, transferring all such cases to the Northern District of California in the *In Re Wells Fargo Home Mortgage Overtime Pay Litigation*, MDL Case No. 1770.

## SECOND DEFENSE

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim for relief upon which any relief may be granted.

## THIRD DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred to the extent Representative Plaintiffs and/or the members of the alleged putative group they purport to represent have released Wells Fargo from any claims they may have against it.[1]

## FOURTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs and/or the members of the alleged putative group they purport to represent were and are property classified as exempt employees under the outside sales, commissioned sales, executive, administrative and/or highly compensated exemptions.

## FIFTH DEFENSE

Plaintiffs and/or the members of the putative group they purport to represent are precluded from recovering any amounts from Wells Fargo where Wells Fargo has paid Plaintiffs and/or the members of the alleged putative group they purport to represent all sums legally due under the FLSA.

## SIXTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs and/or the members of the alleged putative group they purport to represent misperformed their respective duties and/or failed to perform the duties which Wells Fargo realistically expected them to perform.

---

[1] Wells Fargo expressly denies the existence of any alleged putative group of persons that Plaintiffs purport to represent in this lawsuit.  Wells Fargo incorporates (as if fully set forth therein) this express denial each and every time it mentions the alleged putative group in this pleading.

## SEVENTH DEFENSE

Some or all of the disputed time for which Plaintiffs and/or the members of the alleged putative group they purport to represent seek to recover (of wages purportedly owed) is not compensable pursuant to the doctrine of *de minimis non curat lex.*

## EIGHTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred by the provisions of the Portal-to-Portal Act (29 U.S.C. § 254) as to all hours which Plaintiffs and/or members of the alleged putative group they purport to represent were engaged in preliminary or postliminary activities.

## NINTH DEFENSE

Plaintiffs cannot satisfy the prerequisites for a collective action and therefore cannot represent the interests of others.

## TENTH DEFENSE

Plaintiffs lack standing to assert the legal rights or interests of others.

## ELEVENTH DEFENSE

The types of claims alleged by Plaintiffs on behalf of themselves and/or the alleged putative group they purport to represent are matters in which individual questions predominate.

## TWELFTH DEFENSE

The purported causes of action alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged putative group that Plaintiffs purport to represent.

## THIRTEENTH DEFENSE

Plaintiffs are not similarly situated to other potential members of the alleged putative group they purport to represent and thus are inadequate representatives of the alleged putative group.

## FOURTEENTH DEFENSE

Certain of the interests of the alleged putative group that Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

## FIFTEENTH DEFENSE

The alleged putative group that Plaintiffs purport to represent cannot proceed collectively under 29 U.S.C. section 216(b), because they are not similarly situated.

## SIXTEENTH DEFENSE

Plaintiffs have not shown and cannot show that their Complaint is a superior means of adjudicating the controversy.

## SEVENTEENTH DEFENSE

The Complaint, and each purported cause of action alleged therein, cannot proceed as a purported collective or class action because difficulties likely to be encountered render the action unmanageable.

## EIGHTEENTH DEFENSE

To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiffs purport to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action

violates Wells Fargo's rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and Article 1 of the California Constitution.

### NINETEENTH DEFENSE

To the extent one trier of fact is permitted to award penalties or punitive damages while another trier of fact determines the amount of any compensatory damages awarded, Wells Fargo's rights under the Fifth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution will be violated.

### TWENTIETH DEFENSE

To the extent the amount of any punitive damages awarded are unreasonable, excessive, arbitrary, or disproportionate to the amount of harm to Plaintiffs and to the general damages recovered, Wells Fargo's rights under the Fifth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution and Article 1 of the California Constitution will be violated.

### TWENTY-FIRST DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

### TWENTY-SECOND DEFENSE

Plaintiffs and/or the members of the alleged putative group they purport to represent are not entitled to any penalty award under the FLSA because Wells Fargo did not willfully fail to comply with the compensation provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing it did not violate them.

## TWENTY-THIRD DEFENSE

Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, avoidable consequences, waiver, estoppel and/or unclean hands.

## PRAYER FOR RELIEF

1.      Plaintiff takes nothing by the Complaint and the Complaint be dismissed with prejudice;

2.      For costs of suit and reasonable attorneys' fees incurred herein;

3.      For such other and further relief as this Court deems proper;

4.      That this action be transferred to the Northern District of California pursuant to the Multidistrict Litigation Order, filed June 15, 2006, in *In Re Wells Fargo Home Mortgage Overtime Litigation*, MDL Case No. 1770.

## DEMAND FOR JURY TRIAL

Wells Fargo hereby demands trial by jury of Plaintiff's claims for relief and Wells Fargo's defenses to the extent authorized by law.

DATED this 20th day of February, 2008.

Respectfully Submitted,


LITTLER MENDELSON, PC
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
(305) 400-7500 (Telephone)
(305) 603-2552 (Facsimile)

By: */s/ Jonathan A. Beckerman*
   Jonathan A. Beckerman, Esq.
   Florida Bar No. 0568252
   E-Mail: jabeckerman@littler.com

   Counsel for Defendant WELLS FARGO
   BANK, NATIONAL ASSOCIATION

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>20th</u> day of February 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Jonathan A. Beckerman*

Jonathan A. Beckerman

**<u>SERVICE LIST</u>**
**Bodmer, Justine v. Wells Fargo Bank, N.A.**
**Case No. 2:08-CV-00074-MMH-SPC**

Andrew Frisch, Esq.
E-Mail: afrizhc@forthepeople.com
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (954) 318-0268
Fax: (954) 333-3515
Counsel for Plaintiff
*(Served via Transmission of Notices of Electronic Filing)*

Jonathan A. Beckerman, Esq.
E-Mail: jabeckerman@littler.com
LITTLER MENDELSON, PC
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552
Counsel for Defendant Wells Fargo
Bank, National Association
*(Served via Transmission of Notices of Electronic Filing)*

Firmwide:84335882.1 051995.1003

**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JUSTINE BODMER, on her own behalf
and others similarly situated,

Plaintiff,

v.                                                    CASE NO. 2:08-CV-00074-MMH-SPC

WELLS FARGO BANK, N.A., a Foreign
Corporation,

Defendant.
_____/

**TO THE CLERK OF THE COURT:**

Attached hereto as Attachment 1 is the Notice To The Clerk of the Multidistrict

Litigation Panel of Wells Fargo Bank's request to have the above-entitled action transferred to

the Northern District of California as a "tag-along" action, pursuant to MDL Rules 7.4 and

7.5(e), and the Transfer Order of the MDL Panel, filed June 15, 2006, in the *In re Wells Fargo*

*Home Mortgage Overtime Pay Litigation*, MDL Case No. MDL 06-1770.

DATED this 26th day of February, 2008.

Respectfully Submitted,

LITTLER MENDELSON, PC
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
(305) 400-7500 (Telephone)
(305) 603-2552 (Facsimile)

By: */s/ Jonathan A. Beckerman*
         Jonathan A. Beckerman, Esq.
         Florida Bar No. 0568252
         E-Mail: jabeckerman@littler.com
         Counsel for Defendant WELLS FARGO
         BANK, NATIONAL ASSOCIATION

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>26th</u> day of February 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


*Jonathan A. Beckerman*
Jonathan A. Beckerman

**<u>SERVICE LIST</u>**
**Bodmer, Justine v. Wells Fargo Bank, N.A.**
**Case No. 2:08-CV-00074-MMH-SPC**

Andrew Frisch, Esq.
E-Mail: afrizhc@forthepeople.com
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: (954) 318-0268
Fax: (954) 333-3515
Counsel for Plaintiff
*(Served via Transmission of  Notices of Electronic Filing)*

Jonathan A. Beckerman, Esq.
E-Mail: jabeckerman@littler.com
LITTLER MENDELSON, PC
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552
Counsel for Defendant Wells Fargo
Bank, National Association
*(Served via Transmission of Notices of Electronic Filing)*

Firmwide:84391124.1 051995.1005

# Attachment 1

1  LINDBERGH PORTER, Bar No. 100091
   RICHARD H. RAHM, Bar No. 130728
2  ALISON S. HIGHTOWER, Bar No. 112429
   CONSTANCE NORTON, Bar No. 146365
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-mail:    lporter@littler.com
              rrahm@littler.com
7              ahightower@littler.com
              cnorton@littler.com
8
   Attorneys for Defendant
9  WELLS FARGO HOME MORTGAGE,
   a division of WELLS FARGO BANK,
10 NATIONAL ASSOCIATION

11                        JUDICIAL PANEL ON

12                    MULTIDISTRICT LITIGATION

13

14  In re:                              Case No.  MDL 06-1770

15  WELLS FARGO HOME MORTGAGE           **NOTICE TO THE CLERK OF TAG-**
16  OVERTIME PAY LITIGATION,            **ALONG ACTION AND REQUEST FOR**
                                        **TRANSFER TO THE NORTHERN**
17              Plaintiffs,             **DISTRICT OF CALIFORNIA**

18

19  THIS DOCUMENT RELATES TO ALL
    CASES
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433 1940

NOTICE OF TAG ALONG ACTION                    Case No. MDL 06-1770

TO THE CLERK OF THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION:

      Pursuant to Multidistrict Litigation Rule 7.4 and 7.5(e), Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") provides the Clerk of the Judicial Panel of Multidistrict Litigation notice of the following tag-along action.

      1.    Plaintiffs in *Mevorah v. Wells Fargo Home Mortgage*, Case No. 3:05-1175 (N.D. Cal.), *Perez v. Wells Fargo Mortgage Co.*, Case No. 3:05-2722, and *Perry v. Wells Fargo Home Mortgage, Inc.*, Case No. 3:05-890 (S.D. Ill.), all allege that they, and other similarly situated Wells Fargo home mortgage consultants, were not paid overtime when they worked more than forty hours in a week in violation of the Fair Labor Standards Act.

      2.    On June 15, 2006, the Panel ordered the *Mevorah*, *Perez*, and *Perry* actions be coordinated, and that the *Perry* action be transferred pursuant to 28 U.S.C. §1407 to the United States District Court for the Northern District of California based on a finding that all three actions "assert similar claims against Wells Fargo under the Fair Labor Standards Act and/or state labor law on behalf of groups of current and former employees of Wells Fargo who worked as loan originators, loan consultants, or similar positions." *See* Transfer Order, a true and correct copy of which is attached hereto as Exhibit A.

      3.    After Wells Fargo filed its petition with the Panel for coordination of the *Mevorah*, *Perez* and *Perry* class actions, Brenda Miles filed an action against Wells Fargo entitled, *Miles v. Wells Fargo Home Mortgage Company*, Case No. 3:06-CV-01991 (N.D. Cal.). In her collective action complaint, Miles also alleges that she, and other similarly situated Wells Fargo home mortgage consultants, were not paid overtime when they worked more than forty hours in a week in violation of the Fair Labor Standards Act. Wells Fargo notified the Panel that the plaintiff in the *Miles* action was asserting claims similar to the *Mevorah*, *Perez* and *Perry* class actions. On June 15, 2006, the Panel held that the *Miles* action would be treated as a tag-along action, pursuant to MDL Rule 7.4, and coordinated with the other three actions. *See* Transfer Order at Fn. 1 (Exhibit A).

      4.    On January 28, 2008, Justine Bodmer filed a purported class action entitled, *Justine Bodmer v. Wells Fargo Bank, N.A.*, Case No. 2:08 CV 00074 (M.D. Fl.). *See* Complaint, a

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF TAG ALONG ACTION      2.      Case No. MDL 06-1770

1    true and correct copy of which is attached hereto as Exhibit B.  Plaintiff in the *Bodmer* action alleges

2    that she and other similarly situated Wells Fargo loan originators were not paid overtime when they

3    worked more than forty hours in a week in violation of the Fair Labor Standards Act.  The *Bodmer*

4    action thus qualifies as a tag along action as defined by MDL Rule 1.1.

5            5.      Pursuant to MDL Rule 7.4 and 7.5(e), Wells Fargo hereby notifies the Clerk

6    of the Panel that the *Bodmer* action is a tag along action and requests that the Clerk order the action

7    be transferred to the United States District Court for the Northern District of California in

8    accordance with 28 U.S.C. § 1407 and the Panel's Transfer Order, filed June 15, 2006.

9

10   Dated: February 22, 2008

11

12

13   RICHARD H. RAHM
     LITTLER MENDELSON

14   A Professional Corporation
     Attorneys for Defendant

15   WELLS FARGO HOME MORTGAGE, a
     division of WELLS FARGO BANK,

16   NATIONAL ASSOCIATION

17   Firmwide:84279008.1 051995.1003

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF TAG ALONG ACTION            3.            Case No. MDL 06-1770

# EXHIBIT
# A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 5 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1770*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE WELLS FARGO HOME MORTGAGE OVERTIME PAY LITIGATION*

*Jason Mevorah v. Wells Fargo Home Mortgage, Inc., N.D. California, C.A. No. 3:05-1175*
*Genaro Perez v. Wells Fargo Mortgage Co., N.D. California, C.A. No. 3:05-2722*
*Derrick Perry v. Wells Fargo Home Mortgage, Inc., S.D. Illinois, C.A. No. 3:05-890*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of three actions pending two districts as follows: two actions in the Northern District of California and one action in the Southern District of Illinois. Genaro Perez, the plaintiff in one of the California actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the three actions in the Northern District of California for coordinated or consolidated pretrial proceedings.[1] Wells Fargo Home Mortgage (Wells Fargo), the sole defendant in the three actions, supports centralization, but not in either of the two districts where constituent actions are now pending. Rather, it favors selection of the Southern District of Iowa as transferee forum. The plaintiffs in the remaining two actions now before the Panel oppose transfer. If the Panel determines to order centralization over their objections, then i) the objecting Northern District of California action plaintiff would support selection of his California district as transferee forum; and ii) the plaintiff in the Southern District of Illinois action would favor selection of his Illinois district.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions assert similar claims against Wells Fargo under the Fair Labor Standards Act and/or state labor law on behalf of groups of current and former employees of Wells Fargo who worked as loan originators, loan consultants, or similar positions. Plaintiffs seek overtime compensation and other relief for these employees. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] Parties have notified the Panel of an additional related action recently filed in the Northern District of California. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action in accordance with Panel and local court rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The plaintiff in the Illinois action bases a significant part of his opposition to centralization on his concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. Transfer under Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. In addition, under 28 U.S.C. § 1407(c), this transfer order is effective when filed with the transferee court, at which time the transferee judge is fully vested with authority to supervise pretrial proceedings — even before the physical arrival of files from the clerk of the involved transferor court. We are confident that counsel, if they deem it necessary, can i) devise ways to assist the transferor clerk in order to expedite the physical transfer of files, and ii) provide the transferee judge with copies of any documents pertinent to any immediate rulings sought from the transferee judge.

We conclude that the Northern District of California is an appropriate forum in this docket for the following reasons: i) the district is where the first filed and greater number of actions are already pending; ii) the district is an accessible location that will be geographically convenient for litigants, witnesses and counsel; and iii) the district is well equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Marilyn H. Patel for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# EXHIBIT
# B

RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2008 JAN 28 PM 3: 13

CASE NO.:

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

JUSTINE BODMER, on her own behalf
and others similarly situated,

2: 08 -CV- 74 -FtM-34 SPC

Plaintiff,

v.

MMH

WELLS FARGO BANK, N.A., a Foreign Corporation,

SHERI POLSTER CHAPPELL
U.S. MAGISTRATE JUDGE

Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1.  Plaintiff, JUSTINE BODMER ("Plaintiff"), was an employee of Defendant, WELLS
FARGO BANK, N.A. ("WELLS FARGO" or "Defendant"), and brings this action for unpaid
overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act,
as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a home mortgage consultant and
performed related activities for Defendant in Lee County, Florida.

2.  Defendant, WELLS FARGO, is a foreign corporation that operates and conducts business
in, among others, Lee County, Florida, and is therefore, within the jurisdiction of this Court.

3.  This action is brought under the FLSA to recover from Defendant overtime
compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is
intended to include each and every employee who worked for the Defendant at any time within
the past three (3) years within the State of Florida.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the
FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201
et seq.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty (40) within a work week.

7. During their employment with Defendant, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to her, are in the possession and custody of Defendant.

### RECOVERY OF OVERTIME COMPENSATION

9. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-8 above.

10. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but were not paid time and one half compensation for same.

11. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and

2

those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

12.  As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

13. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 2nd  day of August 2007.

Andrew Frisch
FL Bar No.:  27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: afrisch@forthepeople.com


Trial Counsel for Plaintiff

3

1  LINDBERGH PORTER, Bar No. 100091
   RICHARD H. RAHM, Bar No. 130728
2  ALISON S. HIGHTOWER, Bar No. 112429
   CONSTANCE NORTON, Bar No. 146365
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
5  Telephone:   415.433.1940
   Facsimile:   415.399.8490
6  E-mail:   lporter@littler.com
             rrahm@littler.com
7             ahightower@littler.com
             cnorton@littler.com
8
   Attorneys for Defendant
9  WELLS FARGO HOME MORTGAGE,
   a division of WELLS FARGO BANK,
10 NATIONAL ASSOCIATION

11                        JUDICIAL PANEL ON

12                     MULTIDISTRICT LITIGATION

13

14  In re:                              Case No.  MDL 06-1770

15  WELLS FARGO HOME MORTGAGE           **PROOF OF SERVICE**
16  OVERTIME PAY LITIGATION,

17            Plaintiffs,

18

19  THIS DOCUMENT RELATES TO ALL
    CASES
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**PROOF OF SERVICE**                                    Case No. MDL 06-1770

**PROOF OF SERVICE**
Judicial Panel on Multidistrict Litigation
*Wells Fargo Home Mortgage(OT LITIGATION)*
Case No. MDL06-1770

I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,
California 94108.2693. On February 22, 2008, I served the within document(s):

- **NOTICE TO THE CLERK OF TAG-ALONG ACTION AND REQUEST FOR
  TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**
- **POS**

| | |
|---|---|
| ☒ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses indicated below and *(specify one)*: |
| ☐ | deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. |
| ☒ | placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier (**FEDERAL EXPRESS**) and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service (First Legal Services  T(415) 626-3111). |
| ☒ | **By fax transmission. AS APPROVED BY CLERK OF THE PANEL and COURTESY COPY FOR ALL COUNSEL.** I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, for our file. |
| ☐ | **By e-mail or electronic transmission. AS A COURTESY**, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

| | |
|---|---|
| Robert W. Thompson, Esq. | James A. Jones, Esq. |
| **CALLAHAN, MCCUNE & WILLIS, APLC** | **GILLESPIE, ROZEN, WATSKY, MOTLEY** |
| 111 Fashion Lane | **& JONES, P.C.** |
| Tustin, CA  92780 | 3402 Oak Grove Ave., Suite 200 |
| | Dallas, TX  75204 |
| Phone Number: (714) 730-5700 | |
| Fax Number: **(714) 730-1642** | Phone Number: 214-720-2009 |
| | Fax Number: **(214) 720-2291** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

PROOF OF SERVICE                                    2.                          Case No. MDL 06-1770

1  George A. Hanson, Esq.                      **Clerk of the Panel Judicial Panel on**
   **STUEVE, SIEGEL, HANSON & WOODY, LLP**     **Multidistrict Litigation**
2  460 Nichols Rd., Suite 200,                 **Thurgood Marshall Federal Judiciary Building**
   Kansas City, MO  64112                      One Columbus Circle,
3                                              N.E., Room G-255, North Lobby
4  Phone Number: (816) 714-7100                Washington, D.C.  20002-8004
   Fax Number: **(816) 714-7101**
5                                              Phone Number: (202) 502-2800
                                               Fax Number:  **(202) 502-2888**
6

7          I declare under penalty of perjury under the laws of the State of California that the

8  above is true and correct.

9          Executed on February 22, 2008, at San Francisco, California.

10

11  _____

12                                          Nora Lopez Torres

13  Firmwide:84363946.1 051995.1003

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**PROOF OF SERVICE**                    3.                    **Case No. MDL 06-1770**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**JUSTINE BODMER on her own behalf and
others similarly situated,**

          **Plaintiff,**

**v.**                                      **Case No. 2:08-cv-74-FtM-34SPC**

**WELLS FARGO BANK, N.A. a Foreign
Corporation,**

          **Defendant.**

_____

## INTERESTED PERSONS ORDER
### FOR CIVIL CASES

      This Court makes an active effort to screen every case in order to identify parties and

interested corporations in which any assigned judge may be a shareholder, as well as for other

matters that might require consideration of recusal.  It is therefore

      **ORDERED** that, within **eleven** days[1] from the date of this order the Defendant **shall file and**

**serve** a Certificate of Interested Persons and Corporate Disclosure Statement. (See Attachment A)

      **FURTHER ORDERED** that no party may seek discovery from any source before filing and

serving a.  A motion, memorandum, response, or other paper — including emergency motion —

may be denied or stricken unless the filing party has previously filed and served its Certificate of

Interested Persons and Corporate Disclosure Statement.

---

[1] Intermediate Saturdays, Sundays, and specified legal holidays are *in*cluded in the computation of periods of eleven days or more.  *See* Fed.R.Civ.P. 6(a); Local Rule 4.20. If this order was served by mail, add three days to the prescribed period. Fed.R. Civ.P 6(e); Local Rule 4.20(a)(2). Service by facsimile constitutes a method of hand delivery for the purpose of computing the time within which any response is required. Local Rule 1.07(c).

**FURTHER ORDERED** that each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

**FURTHER ORDERED** that, in order to assist the Court in determining when a conflict of interest may exist, particularly when ruling on matters formally assigned to another judge, each party shall use the full caption of the case — including the names of all parties and intervenors — on all motions, memoranda, papers, and proposed orders submitted to the Clerk.  *See* Fed.R.Civ.P. 10(a); Local Rule 1.05(b) ("*et al.*" discouraged)._____

April 8, 2008

| | |
|---|---|
| _____JOHN E. STEELE_____ | _____MARCIA MORALES HOWARD_____ |
| John E. Steele | Marcia Morales Howard |
| United States District Court Judge | United States District Court Judge |
| | |
| _____DOUGLAS N. FRAZIER_____ | _____SHERI POLSTER CHAPPELL_____ |
| Douglas N. Frazier | Sheri Polster Chappell |
| United States Magistrate Judge | United States Magistrate Judge |

## ATTACHMENT A

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's interested persons order:

1.     The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

            [insert list]

2.     The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

            [insert list]

3.     The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

            [insert list]

4.     The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

            [insert list]

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict. I further certify that I have inserted "None" if there is no actual or potential conflict of interest.

[Date]

                                        _____
                                        [Counsel of Record or *Pro Se* Party]
                                        [Address and Telephone]


[Certificate of Service]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JUSTINE BODMER, on her own behalf
and others similarly situated,

      Plaintiff,

v.                                CASE NO.: 2:08-cv-00074-MMH-SPC

WELLS FARGO BANK, N.A., a Foreign Corporation,

      Defendant.

_____/

**PLAINTIFF'S CERTIFICATE OF INTERESTED PERSONS AND**
**<u>CORPORATE DISCLOSURE STATEMENT</u>**

      I hereby disclose the following pursuant to this Court's interested persons order:

1.)    the name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action – including subsidiaries, conglomerates, affiliates, parent corporation, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

    1.  Justine Bodmer – Plaintiff

    2.  Wells Fargo Bank, N.A. – Defendant

    3.  Morgan & Morgan – Counsel for Plaintiff

    4.  Andrew Frisch, Esquire – Counsel for Plaintiff

2.)    the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

    1.  None known.

3.)    the name of every other entity which is likely to be an active participant in the

proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

1.   None other than the persons identified in 1.) above.

4.)     the name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

1.     Justine Bodmer, Plaintiff.  Additionally, as this is styled as a collective action, Plaintiff maintains that there are additional "similarly situated" employees of Defendant who were subjected to the same illegal pay practices complained of by Plaintiff, whose names and contact information currently are unknown.  Therefore, as discovery commences and the identity of the additional employees becomes known, Plaintiff will supplement this disclosure.

I hereby certify that I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

DATED  this 11th day of February 2008.

Respectfully submitted,

**/s ANDREW FRISCH**
ANDREW FRISCH
FL Bar No.:  27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail to Corporation Service Company, Registered Agent for Defendant, 1201 Hays Street, Tallahassee, FL 32301, this 11th day of February 2008.

**/s ANDREW FRISCH**
ANDREW FRISCH

*FILED*
RECEIVED

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

2008 APR 21  PM 12: 03

**DIRECT REPLY TO:**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jeffery N. Lüthi
Clerk of the Panel
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:         [202] 502-2888
http://www.jpml.uscourts.gov

March 26, 2008

**FILED**

APR 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re: MDL No. 1770 -- IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation

(See Attached CTO-1)

Dear Mr. Weiking:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on March 10, 2008. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By
Mecca S. Thompson
Docket Specialist

Attachment

cc: Transferee Judge:    Judge Marilyn Hall Patel
    Transferor Judge:    Judge Marcia Morales Howard
    Transferor Clerk:    Sheryl L. Loesch

JPML Form 36

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

March 26, 2008

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

# FILED

APR 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Re:  MDL No. 1770 -- IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation

(See Attached CTO-1)

Dear Mr. Weiking:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on March 10, 2008. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
   RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

By _____
Deputy Clerk

Date 4-16-08

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Thompson
Docket Specialist

Attachment

cc:  Transferee Judge:     Judge Marilyn Hall Patel
     Transferor Judge:     Judge Marcia Morales Howard
     Transferor Clerk:     Sheryl L. Loesch

JPML Form 36

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 2 6 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 0 2008

FILED
CLERK'S OFFICE.

**IN RE: WELLS FARGO HOME MORTGAGE OVERTIME**
**PAY LITIGATION**

Justine Bodmer v. Wells Fargo Bank, N.A.,                )
M.D. Florida, C.A. No. 2:08-74                           )          MDL No. 1770

### CONDITIONAL TRANSFER ORDER (CTO-1)

On June 15, 2006, the Panel transferred one civil action to the United States District Court for the
Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28
U.S.C. § 1407. *See* 435 F.Supp.2d 1338 (J.P.M.L. 2006). With the consent of that court, all such
actions have been assigned to the Honorable Marilyn Hall Patel.

It appears that the action on this conditional transfer order involves questions of fact that are
common to the action previously transferred to the Northern District of California and assigned to
Judge Patel.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Northern District
of California for the reasons stated in the order of June 15, 2006, and, with the consent of that court,
assigned to the Honorable Marilyn Hall Patel.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of California. The transmittal of this order to said Clerk shall
be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of
the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED TRUE COPY

APR 1 5 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION